UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRABHJOT SINGH,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, *as successor-in-interest to U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-A6* and ONITY MORTGAGE CORPORATION *F/K/A* PHH MORTGAGE CORPORATION,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:26-CV-3086-X |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants U.S. Bank Trust Company, N.A. and Onity Mortgage Corporation's Motion to Dismiss. (Doc. 3). Plaintiff Prabhjot Singh did not respond to this motion, so the Court treats it as unopposed. The Court **GRANTS** the defendants' motion and **DISMISSES WITH PREJUDICE** Singh's claims.

This case concerns a pending foreclosure. Singh admits that he defaulted on a mortgage loan, does not allege that a foreclosure sale has actually occurred, and does not allege that any contractual or statutory cure period was violated. Singh received notice of the default two months before the scheduled sale. Singh now seeks equitable relief to obtain more time to try and sell the property on his own.

Rule 12(b)(6) authorizes dismissal when a complaint fails to "state a claim upon which relief can be granted."[1] A pleading in federal court must state "a short and plain statement of the claim showing that the pleader is entitled to relief."[2] A plaintiff that fails to plead a legally recognized cause of action is not entitled to relief.[3]

Singh brings two counts: (1) "Right to Cure Prior to Foreclosure"; and (2) "Equitable Relief to Prevent Grossly Inequitable Foreclosure."[4] Texas law does not recognize either count as an independent cause of action.[5] And Singh does not allege that the defendants failed to provide notice (as would be required for the Court to construe his pleadings as a claim under the Texas Property Code)[6] or that the foreclosure sale process is complete and was defective (as would be required for a valid wrongful foreclosure claim).[7]

---

[1] FED. R. CIV. P. 12(b)(6).

[2] FED. R. CIV. P. 8(a)(2).

[3] *Carlton v. Fearneyhough*, No. 4:05-CV-711-Y, 2006 WL 8438506, at *1 (N.D. Tex. Oct. 10, 2006) (Means, J.) ("Because this is not a recognized cause of action, there is no set of facts that [the plaintiff] could plead that would entitle him to relief."); *see also In re Key Energy Services, Inc. Sec. Litig.,* 166 F. Supp. 3d 822, 829 (S.D. Tex. 2016) ("Dismissal under Rule 12(b)(6) is proper . . . where the plaintiff fails to allege a cognizable legal theory.").

[4] Doc. 1-4 at 6–8.

[5] The first count is neither a wrongful foreclosure claim nor an attempt to make a claim under the Texas Property Code. *See Rucker v. Bank of America, N.A.*, 806 F.3d 828, 830–31 (5th Cir. 2015) (noting that federal district courts consistently have concluded that section 51.002 does not create a private right of action related to the right to cure). And the Court agrees with the defendants that Singh's second claim is an attempt to get injunctive relief without a valid underlying cause of action.

[6] *See Marshall v. Freedom Mortgage Corp.*, No. 3:23-CV-46-L-BN, 2023 WL 5058050 (N.D. Tex. July 21, 2023) (Horan, M.J.), *report and recommendation adopted*, No. 3:23-CV-0046-L-BN, 2023 WL 5058032 (N.D. Tex. Aug. 7, 2023) (Lindsay, J.); *see also* TEX. PROP. CODE § 51.002; Doc. 1-4 at 14–17 (noticing Singh of his default on June 4, 2026 and scheduling the sale for August 4, 2026).

[7] *See Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.) (listing wrongful foreclosure elements); *Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 406 (5th Cir. 2017) ("A claim of wrongful foreclosure cannot succeed, however, when no foreclosure has occurred.").

Accordingly, even when construing Singh's petition in a light most favorable to Singh (as is required at this stage),[8] Singh fails to plead a legally recognized cause of action. So the Court **DISMISSES WITH PREJUDICE** all of Singh's claims.[9]

**IT IS SO ORDERED** this 3rd day of November, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[8] *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[9] *See Forum on Open Access to Gov't Records, Inc. v. Dallas Cnty. Historical Found.*, No. 3:25-CV-2034-B, 2026 WL 2255253, at *17 n.8 (N.D. Tex. Aug. 5, 2026) (Boyle, S.J.) ("Because the [plaintiff's] sixth cause of action is legally, not factually, deficient, the Court finds that an opportunity to replead is not warranted and dismisses this claim with prejudice.").